IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONEL ALVARADO AGUILAR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:25-cv-1939-X (BT) |
| | § | |
| JOSHUA JOHNSON, et al., | § | |
| | § | |
| Respondents. | § | |

## **MEMORANDUM OPINON AND ORDER**

Petitioner Leonel Alvarado Aguilar filed a habeas application under 28 U.S.C. § 2241 seeking his release from United States Immigrations and Customs Enforcement ("ICE") custody. On February 18, 2026, Respondents filed a Status Update informing the Court that ICE removed Aguilar from the United States after he filed this § 2241 application. Status Update at 1 (ECF No. 6). Respondents ask that the Court dismiss this case for lack of jurisdiction as moot. *Id.*

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

The habeas petition only seeks Aguilar's release from custody pending his removal. Since he is no longer detained pending removal, his sole ground for relief

is now moot, and this court lacks jurisdiction to consider his petition. *See, e.g.*, *Singh v. Mukasey*, 2009 WL 1097255, at *1 (N.D. Tex. Apr. 22, 2009); *Caquias v. Dist. Dir. of ICE*, 2008 WL 5378173, at *1 (N.D. Tex. Dec. 23, 2009).

## Conclusion

The petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** as moot. Fed. R. Civ. P. 12(b)(1).

**SO ORDERED.**

February 19, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE